### Clement A. Weirick v. Philander H. Graves et al.

1. PARTNERSHIP—*Misappropriation of Money Borrowed on Firm Note— Agreements as to Payment of Debts.*—Where a managing partner having authority to bind the firm borrows money giving a note of the firm, the subsequent diversion of the money to other than firm uses can not affect the legal rights of the lender who was not a party to or cognizant of the misappropriation; and the fact that the lender is informed of an agreement for the payment of the note by one of the partners after the dissolution of the firm will not alter his rights in the absence of proof of assent by him to such arrangement.

2. PROMISSORY NOTES—*Use of the Word "I" Instead of the Word "we."* The use of the pronoun "I" instead of "we" in a promissory note given by a partnership does not interfere with its legal effect to bind the firm.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 27, 1898.

Weirick v. Graves.

WARREN & COX, attorneys for appellant.

A member of a trading partnership is authorized to sign the firm name to promissory notes in the usual course of business. Wiley v. Stewart, 23 Ill. App. 236. (S. C.) 122 Ill. 545; 14 N. E. Rep. 835; 2 Am. and Eng. Ency. of Law, 355, *et seq.;* 17 Ib. 993, 1015, 1017, 1018; Parsons on Partnership (Beale's Ed., 1893), Secs. 131, 132; Silverman v. Chase, 90 Ill. 37; Story on Partnership (5 Ed.), Secs. 102, 103; Parsons on Partnership (2 Ed.), 199; Walsh v. Lennon, 98 Ill. 27; Dow v. Phillips, 24 Ill. 249; Ulery v. Ginrich, 57 Ill. 531; Gregg v. Fisher, 3 Ill. App. 261.

A note given by a firm but worded "I promise to pay" (as in this case), held to be the note of the firm. Parsons on Partnership, (Beale's 1893 Ed.), Sec. 97, N. K; 17 Am. and Eng. Ency. of Law, 1020.

It is to be presumed that negotiable paper executed by one partner for a firm was executed in course of the partnership business and upon competent authority. Marsh v. Thompson National Bank, 2 Ill. App. 217; Parsons on Partnership (Beale's 1893 Ed.) Secs. 83, 87, 134; 17 Am. and Eng. Ency. of Law, p. 995.

Where a partner has power to borrow money upon the firm credit the firm is liable to the lender, although the partner misapplies the money, the lender having no notice that the partner so intends. Darlington v. Garrett, 14 Ill. App. 238; Wiley v. Stewart, 23 Ill. App. 236; Stark v. Corey, 45 Ill. 431; Parsons on Partnership (2 Ed.) 207, note *et seq.;* Ib., Sec. 103; Parsons on Partnership (Beale's 1893 Ed.), Sec. 116; Ib., Sec. 87; Ib., Sec. 102; Story on Partnership (5 Ed.), Secs. 105, 108, 133, 140; Gregg v. Fisher, 3 Ill. App. 261.

Each partner is regarded as the agent of the firm. Parsons on Partnership (2 Ed.), 95; Story on Part-

nership (5 Ed.), Sec. 104; Wiley v. Thompson, 23 Ill. App. 199.

No dissolution of a partnership from any cause affects the rights of third parties who have had dealings with the partnership, unless they consent, and upon consideration.

Parsons on Partnership (Beale's 1893 Ed.), Sec. 324; Ib., Secs. 253, 296, 297; Story on Partnership (5 Ed.), Secs. 325, 334, 358; 17 Am. and Eng. Ency. of Law, 1129, 1195.

The general principle is that every partner has full and absolute authority to bind all the partners by his acts or contracts in relation to the business of the firm, in the same manner and to the same extent as if he held full power of attorney from all the members. Parsons on Partnership (Beale's 1893 Ed.), Sec. 83; 17 Am. and Eng. Ency. of Law, 987.

The lender is warranted in assuming when nothing is said, that money borrowed by a partner is for the firm and that the partner has power to sign the firm's name. 17 Am. and Eng. Ency. of Law, 1016; Parsons on Partnership (Beale's 1893 Ed.), Sec. 132.

If a partner gives a firm note apparently in the course of business and the other party has no privity with the fraud, if any there be, and no notice or knowledge of it, the firm will be bound. Wiley v. Stewart, 23 Ill. App. 236; Parsons on Partnership (Beales' 1893 Ed.), Sec. 133; Story on Partnership (5 Ed.), Sec. 105.

The payee of a partnership note has the right to bring suit thereon against all of the partners at any time before the statute of limitations has run and a failure to pursue the partnership assets can not be relied upon as a defense when suit is brought. Silverman v. Chase, 90 Ill. 37; Doggett v. Dill, 108 Ill. 560.

S. C. Stough, attorney for appellee, Olen O. Johnson.

Mr. Justice Sears delivered the opinion of the Court.

This is a suit in assumpsit upon a promissory note, executed by appellee Graves in the name of the firm, composed of himself and appellee Johnson.

The general issue and three special pleas were filed by appellee Johnson. The first special plea denies joint liability; the second sets up want of consideration, in that the money was borrowed on the separate account of Graves, and of this plaintiff had notice; and the third sets up that by subsequent agreement plaintiff released defendant Johnson from said note at the time of dissolution of the firm, and accepted the individual agreement of Graves to pay the same.

The jury found the issues for defendants.

It appeared from the evidence that Johnson was not active in the partnership business; that he left its management to his partner Graves; that Graves, as managing partner, borrowed money and executed notes therefor in the firm name, in the course of the partnership business; that subsequent to the maturity of the note sued upon, the firm was dissolved; that by the dissolution agreement, Graves was to receive debts due the firm and pay all debts owing by the firm; that Graves afterward made an assignment for the benefit of his creditors; that the note sued upon was never presented for payment of principal or interest until after the assignment of Graves.

The note was worded: "Six months after date, for value received, I promise to pay," etc., and was signed "Graves & Johnson." It also appeared that the principal sum for which the note was given was borrowed of appellant by Graves in the name of the firm.

There was no evidence offered which tended to support any of the pleas, unless it may be said that the testimony of the bookkeeper, Hoff, so tended. He testified, in answer to a question as to whether the money borrowed went into the firm business: "Well, it did not go in. As long as it was not entered upon the books it did not go into the business. I know it was not entered on the books." The court ordered that part of the answer "as long as it was not entered upon the books, it did not go into the business," stricken out. Hoff also testified that he overheard appellee Johnson tell appellant, after the dissolution of the firm, that Graves would receive all money due the firm and pay all debts owing by the firm.

We do not regard this evidence as sufficient to constitute any defense. Graves, as managing partner, had authority to bind the firm upon the note for money borrowed, and its subsequent diversion to any other purpose, if such had been proved, would not affect the right of the lender, who was not party to or cognizant of such misappropriation. The fact that Johnson informed appellant, after the dissolution, that Graves would pay the note, did not operate to release Johnson, without any agreement by appellant, and of any such agreement there was no evidence.

The wording of the note, the use of the pronoun "I," instead of we, does not interfere with its legal effect to bind the firm, when signed by the managing partner and in the firm name. Ex parte Buckley, 14 N. & W. 469; Galway v. Matthew, 1 Camp. 402; Doty v. Bates, 11 Johns. (N. Y.) 543.

The only theory of defense derivable from the evidence was, as shown by the record, eliminated by the following proceeding: "Motion was here made by counsel for the plaintiff to strike out all the testimony of the defense which goes to the point of affecting the

rights of the plaintiff in this case by any dissolution of the firm of Graves & Johnson, or by the fact, if it is a fact, that the funds derived from this loan did not go into the partnership business.''

The record says: "The motion was sustained by the court.'' Although bound by the record, we do not believe it. We feel certain that there must have been a mistake in the making of the bill of exceptions as to the allowance of this motion. We are satisfied that the learned judge who presided at the trial, did not strike out all of the evidence which tended to establish a defense, and then submit issues to a jury. But inasmuch as we regard the entire evidence introduced as insufficient to sustain the verdict, the result is not affected by the disposion of this motion.

The judgment is reversed and the cause remanded.